**TAB N**

Inquiry Number: 380-2004 - 02730N

## CHARGES OF DISCRIMINATION MUST BE FILED WITHIN 300 DAYS OF DATE OF HARM.
## PLEASE TYPE OR PRINT THE REQUESTED INFORMATION.

### INFORMATION ABOUT YOU

Your name: Shatsay Breaux Posciri  Date: June 5, 2004
Address: 2950 Turnagain Street
City: Anchorage   State: AK   ZIP: 99517   County: _____
Phone: Home: (907) 243-2858   Work: (___) _____
       Cell: (907) 360-3088   FAX: (___) _____

Best time/place to reach you during our office hours, from 8 a.m. to 4:30 p.m., M-F.   ☐ at work  ☒ at home
Best day/time: any time - cell
Social Security #: 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

Date of Birth: 7-24-56

Please Check your:
Sex:  ☐ Male   ☒ Female
Race: ☐ Black  ☒ White  ☐ American Indian or Alaskan Native
      ☐ Asian or Pacific Islander  ☐ Other (specify) _____

National Origin: ☐ Mexican  ☐ Hispanic  ☐ East Indian
                 ☐ Other (specify): USA

Someone who will know how to contact you if we are unable to reach you:
Name: Michael Posciri   Relationship: Spouse
Address: 2950 Turnagain Street
City: Anchorage   State: AK   ZIP: 99517   Phone: (907) 351-0379

### INFORMATION ABOUT THE EMPLOYER

My charge is against a: ☒ Private Employer   ☐ Labor Organization   ☐ Other
                        ☐ State or Local Government  ☐ Employment Agency

Name: United Freight + Transport, Inc.
Phone: (907) 272-5700   Fax: (907) 272-4324
Address: 1701 E. First Avenue
City: Anchorage   State: AK   ZIP: 99501   County: _____
Type of Business: Trucking/Freight   Approximate Number of Employees: _____
Human Resources/Personnel Director: Frank Monfrey   Phone: (907) 272-5700

### Filing same complaint with other State/City/Federal agencies

I have filed this same complaint with the _____ agency on _____ date.

7-28-04

Exhibit _N_
Page _1_ of _7_

EEOC 000068

## DISCRIMINATION ALLEGATIONS

Briefly explain the discriminatory action the employer/union took against you.

Please see attached

Date of discriminatory action: September 23, year 2004

☐ DISCHARGE    or    ☐ LAYOFF                                    Rate of Pay _____

Last position held: _____

Date of hire: _____    Date of layoff or discharge: _____

Who replaced you? _____

☐ HIRING    or    ☐ PROMOTION

Position you sought: Truck driver

Date you applied: Sept. 19, 2003    Date you learned that you were not selected: 9-23-04

Who was selected? Dan Tullis

☐ DEMOTION    or    ☐ DISCIPLINE    ☐ WAGES OR BENEFITS    ☐ HARASSMENT

☐ TERMS OR CONDITIONS OF EMPLOYMENT

☐ OTHER: _____

WHAT CAUSED THE EMPLOYMENT ACTION YOU DESCRIBE, YOUR:

☐ RACE Includes racial harassment.            ☐ COLOR
☒ GENDER
☐ PREGNANCY
☐ SEXUAL HARASSMENT
☐ AGE   If you are age 40 or over.
☐ DISABILITY Complete the Americans with Disabilities Act supplemental questionnaire.
☐ NATIONAL ORIGIN: Includes harassment based on national origin.
☐ RELIGION Religious harassment is a form of discrimination based on religion
☐ RETALIATION - OPPOSITION: You opposed discrimination on the job because of one of the reasons described above by ☐ made internal complaint  ☐ filed EEOC charge
☐ RETALIATION - PARTICIPATION: You participated in an internal or EEOC or other agency investigation regarding discrimination based on any of the reasons described above
☐ OTHER: _____

SUPPORTING INFORMATION

Exhibit ____
Page 2 of 7

EEOC 000069

## SUPPORTING INFORMATION

Identify any others who were <u>treated the SAME as you under similar conditions.</u>

| Name | Race/Sex/Age | How treated the same |
|---|---|---|
| | | |
| | | |
| | | |

Identify any others who were treated <u>BETTER than you under similar conditions.</u>

| Name | Race/Sex/Age | How treated better |
|---|---|---|
| Gary Dixon | W/Male | hired w/ lack of experience less and |
| Dan Tullis | Male | hired w/ less + lack of experience |

Identify WITNESSES who saw, heard, or have first-hand knowledge of the harm you experienced.

| Name | Telephone Number | Address |
|---|---|---|
| 1. Michael Killian | (907) 565-8266 | Anchorage, AK |

Witness will say: I was discriminated against.

| | | |
|---|---|---|
| 2. Nancy Shaw | (907) 565-8266 | Anchorage, AK |

Witness will say: Best discrimination case union has had

3. _____ (___) _____ _____

Witness will say: _____

What reason(s) were you given for the acts you consider discriminatory? Include the name(s) and title(s) of the person(s) who gave the reason(s). If you dispute the reason(s) you were given, tell us why.

Michael Jones - I was not discriminated against. Some United Freight Committee determined He concured

Frank Monfrey - Failed driving test, Lack of knowledge of the port, - this is a lie -

Nancy Shaw - Political Ramifications for proceeding with grievance

IQ: revised 6/03

PLEASE ATTACH A STATEMENT OF ANY OTHER FACTS THAT YOU BELIEVE ARE IMPORTANT TO YOUR CASE. GIVE NAMES AND JOB TITLES OF PERSONS INVOLVED.

**OTHER INFORMATION**

CHECK TYPE OF REPRESENTATIVE: ____ lawyer   ✓ union   ____ family member

Name: _____   Telephone: (____) _____

Fax: (____) _____

Address: _____

City: _____   State: ____   ZIP: _____

**IMPORTANT INFORMATION**

It is important that you stay in contact with this office concerning your potential charge of discrimination. This questionnaire does not necessarily constitute a minimally-sufficient charge, nor does submission of this questionnaire necessarily fulfill the statutory requirement to file a minimally-sufficient charge within 300 calendar days of the alleged discriminatory action. We recommend that persons with potential discrimination charges complete the formal charge filing process as quickly as possible to protect their statutory rights.

**PRIVACY ACT STATEMENT**

This form is covered by the Privacy Act of 1974, Public law 93-579. Authority for requesting and uses of the personal data are given below.

1. FORM NUMBER/TITLE DATE: SEDO FORM 1, Seattle Intake Questionnaire.
2. AUTHORITY: 42 U.S.C. subsection 2000(e)(9), 29 U.S.C. 201, 29 U.S.C. 621.
3. PRINCIPAL PURPOSES: Requests information from the charging party relevant to filing a charge of employment discrimination.
4. ROUTINE USES: Determine whether facts exist to support a charge of employment discrimination.
5. WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY, AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION: Voluntary. Failure to provide information may affect whether the Commission can further process your claim.

**DECLARATION**

Do you wish to file a charge of employment discrimination based on the information in this questionnaire?

☑ Yes   ☐ No   ☐ Not Sure

I have read and had an opportunity to correct this Intake Questionnaire, and swear under penalty of perjury that these facts are true and correct to the best of my knowledge and belief. I further give my consent for the EEOC, to file this questionnaire as a charge, if necessary to meet timeliness purposes, and thereby give my consent for this questionnaire to be considered as a charge of discrimination.

_Shotsay B. Posciri_                                 6-29-04
SIGNATURE                                            DATE

6

Exhibit ___N___
Page __4__ of __7__

EEOC 000071

Inquiry Number: 380-2004- 02730N
Shotsay Breaux Posciri

Mr. Frank Monfrey with United Freight & Transport, Inc. put in a dispatch request to the Teamsters Local 959 Union Hall for two ( 2 ) driving positions to be filled for the company. In his request he stipulated that, "The driver must have had very recent driving experience".

On Friday September 19, 2003 at 10 o'clock call, Mr. Gary Dixon was awarded one of the dispatches and proceeded to United Freight for the routine driving test.

On Friday September 19, 2003 at 3 o'clock call, I bided and was awarded a dispatch, beating out two other bidders, one being Mr. Dan Tullis, to United Freight & Transport, Inc. Mr. Michael Killian, Union dispatcher, called United Freight to inform Mr. Monfrey of my successful bid and that he was sending me over for the routine driving test. Mr. Frank Monfrey requested that I wait until Monday, giving the reason of the late time of day. It was agreed and I was to be at his office between 8:30 am and 9:30 am on Monday September 22, 2003 to fill out paper work and perform the routine driving test.
After the dispatcher announced that the bid would be awarded to me, Mr. Tullis wanted to know why I was awarded the dispatch and not him. Mr. Killian explained to him that the non-construction bids are awarded by start dates. My start date with the Union is January 1995. I believe Mr. Tullis' start date is in 2000.

On Monday September 22, 2003 I arrived at United Freight at 8:30 am. I completed the paper work and was told we were waiting for Bill Smith to complete a driving test that he was giving another driver. When Mr. Bill Smith arrived, he picked up a clip board with a check off list and we proceeded to the truck. I did a walk around, got in truck, backed up to a trailer in United Freight's yard, hooked up the trailer and left the yard for a road test performing the tasks of going to the Port to drop off and pick up a trailer, deliver to their customer and pick up an empty trailer and return to United Freight's yard. Upon arriving at the yard after the driving test, Bill Smith, a 15 + year employee, said that I did very well especially since the truck I road tested in had a ceramic clutch and an uncommon super 10 transmission in it of which I had never operated. He also stated that several other applicants failed the driving test because of the delicacy needed in driving with a ceramic clutch and the unfamiliarity of the transmission. After Bill told me that I had passed the driving test, he said that United Freight would call me to let me know when I would start. He said as a rule the new driver teams up with a company driver for 2 or 3 days to learn the procedures. He suggested I bring a little note pad with me so I could write down the identification numbers referencing different trailer types which would make identifying the trailers a lot easier until I become more familiar with them.

On Tuesday September 23, 2003 Janice or (Dana) with United Freight called me and told me they were not hiring me. They were going to go with the 2 other drivers. As far as I knew there was only two dispatches requested, the one at 10:00 call and one at 3:00 call of which was bided and awarded to Gary Dixon and myself. I asked why they were not hiring me and she said that I did not have what they needed. I asked her what she meant



Exhibit _____
Page 5 of 7

EEOC 000072

by that and she said that I was welcomed to try again at a later date if another driving position becomes available.

After I received the phone call from Janice or (Dana) at United Freight I immediately called Mr. Michael Killian, the dispatcher at Local 959 and informed him of the telephone conversation I had with Janice or (Dana). Mr. Killian was a little confused because Mr. Monfrey had called him and requested a third driver be sent for a driving test. Mr. Killian was assured by Mr. Monfrey that he needed 3 driving positions filled. Mr. Killian said he would call Mr. Monfrey and get back with me. Mr. Killian called me back and told me that Mr. Monfrey said that I did not pass the driving test. After finding that out, I was total shocked. I knew that that was unfounded and expressed such to Mr. Killian. I explained to him that their was no incident that transpired during the driving test and I had in fact passed it with no problem. My feelings on that was reiterated by their driving instructor Bill Smith. I expressed my opinion at that time to Mr. Killian that I felt Mr. Monfrey's decision was based strictly on the fact that I am a female. Mr. Killian agreed wholeheartedly and said he would speak to the business representative handling the United Freight account, Mr. Michael Jones. I think it was 2 or 3 days later that Mr. Killian called me and informed me that he spoke with Mr. Jones. Mr. Killian expressed that he shared the same concerns and beliefs as I did that Mr. Monfrey's decision not to hire me was a discriminatory act on his part. I told Mr. Killian that I felt I was very wronged and discriminated against by Mr. Monfrey and United Freight and that we needed to do something about it. Mr. Killian informed me that the Union could file a grievance against United Freight and I agreed. He was going to met with Mr. Jones and get back with me.

Mr. Killian inquired of Mr. Monfrey about my not passing the driving test. Mr. Killian spoke with Bill Smith, the driving instructor, and was told that in his opinion I had passed the driving test. When Mr. Killian spoke with Mr. Monfrey about it, Mr. Monfrey had changed his reason for not hiring me from not passing the driving test to saying that I was not very familiar with the Port of Anchorage. At that time I pointed out to Mr. Killian that the guy they hired from the 10:00 dispatch had not been behind the wheel of an 18 wheeler in 8 or 9 years and also was not familiar with the Port. This differential treatment on Mr. Monfrey's part, in my opinion, dictates a discriminatory act.

After further discussion between Mr. Monfrey and Mr. Killian, Mr. Monfrey was now saying the reason why he did not want to hire me was because of my size, a small framed person, I would have problems opening and closing the doors on the trailers. Mr. Monfrey never allowed me the opportunity to prove or disprove my ability to perform the task.

On November 26, 2003. Mr. Monfrey addressed the Union by letter stating yet again the reason why I was not hired. This time Mr. Monfrey said that Mr. Bill Smith said that, "two of the applicants were good drivers but that I was slow". Mr. Monfrey said that Mr. Smith had also talked to a former co-worker of mine who concurred with this assessment

EXHIBIT \_\_\_\_V\_\_\_\_
Page \_6\_ of \_7\_

EEOC 000073

of my driving.

Of all the reasons or excuses in the book, Mr. Monfrey's choice of my being a "slow driver" is the absolute last thing any of my former co-workers or, employers for that matter, would attest to. I do have a reputation for out performing the male gender not only in speed but in my quality of performance. I also understand that along with my strive and determination to maintain a more than satisfactory working performance to my employers, jealousy and maybe even a little resentment may enter into the picture from some of my co-workers. With this statement in writing from Mr. Monfrey and Mr. Smith, I informed Mr. Michael Jones that I felt this was an out right lie. Mr. Monfrey is doing and saying anything he can to discredit my working reputation while passing judgment based on my appearance and gender instead of proven documented fact and actual ability.

Mr. Killian told Mr. Monfrey that if he would give me a chance that he could have one of the best drivers in the Union on his staff. Mr. Killian also pointed out to Mr. Monfrey that he placed a few calls to my former employers and inquired about my performance. Mr. Killian assured Mr. Monfrey that his beliefs about my ability are unfounded.

With all this that is said, Mr. Monfrey still has not given a reason for him not hiring me. It's obvious that I passed the driving test, and familiarity with the port or having very recent driving experience doesn't seem to have be an issue seeing as he hired a person who had not driven in over 8 years and was not familiar with the Port. To date, he still does not know that I can indeed open and close the doors on these trailers. I have more driving experience, including freight experience than the two people he hired <u>collectively.</u>

It is my heartfelt belief that Mr. Monfrey's reason for not hiring me is that I am a female. He has proven this to me in his inability to maintain a reason that can not be challenged.

Shotsay Breaux Posciri

*Shotsay B. Posciri*

Please call me @ 907-243-2858 or my cell phone @ 907-360-3088

Exhibit N
Page 7 of 7

EEOC 000074