Kenneth W. Legacki, Esq.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail:  legacki@gci.net

Attorney for Plaintiff-Intervenor
Shotsay Posciri

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| SHOTSAY POSCIRI, | ) ) |
| Plaintiff-Intervenor, | ) ) |
| vs. | ) ) |
| UNITED FREIGHT AND TRANSPORT, INC., | ) ) ) |
| Defendant. | ) |
| | ) Case No. 3:05-cv-0122-TMB |

**REPLY TO DEFENDANT'S OPPOSITION TO**
**PLAINTIFF-INTERVENOR'S MOTION TO AMEND COMPLAINT**

A.  INTRODUCTION.

Defendant's voluminous and superfluous opposition to Plaintiff-Intervenor's motion to amend the complaint does not address the issue the Court must consider when deciding to allow an amendment to be granted. Instead, the opposition seems to personally attack Plaintiff-Intervenor's counsel and add extraneous assertions that are not germane to the issue before the Court.

The issue which the Court must decide is whether Shotsay Posciri, in her individual capacity, who was <u>not</u> a party to the scheduling and planning meeting, in good faith timely moved to amend her complaint. Posciri was not a party to the Court's pretrial order which previously set a deadline for the EEOC to amend the complaint. Ms. Posciri, in her individual capacity, was allowed to intervene on December 2, 2005. [Docket No. 12] Ms. Posciri moved to amend 21 days after the Court's order permitting Ms. Posciri to intervene in this lawsuit, and within 15 days of when United Freight's representative stated that because Ms. Posciri filed a grievance, she would not be considered for employment with the company.[1]

---

[1] Janice Mansfield from United Freight said, "If she had taken another call, **and the grievance had not been filed,** or if the pressure had not been put on, if she had taken the call, we definitely would have considered her." (Ex. 1, Mansfield Depo. at 49)

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF-INTERVENOR'S
    MOTION TO AMEND COMPLAINT
EEOC v. United Freight & Transport - Case No. 3:05-cv-0122-TMB
Page 2 of 12

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

After Ms. Mansfield's deposition, Mr. Monfrey stated in his deposition that during a meeting a union representative attempted to strong arm him into hiring Ms. Posciri and that he would not capitulate to such tactics. Shotsay Posciri contends that Mr. Monfrey's assertion of "strong-arm" tactics is a mere pretext for not hiring her.

As the attached affidavit of Mike Killian states, there were never any strong-arm tactics inflicted upon Mr. Monfrey. (Ex. 2, Affidavit of Michael Killian) Indeed, attached hereto are Document Nos. UFT-01440 to UFT-01442 from United Freight's discovery disclosures which indicate that there was a memo from Mike Killian to Mike Jones recording the meeting which states that:

> Frank expressed a personal concern in that he would have to retract his current position on the grievance and announce it among his employees, stating that in his position as President, running the company that, "would not be an easy thing to do".

(Ex. 3, Doc. No. UFT-01440)

**B. PROCEDURAL HISTORY OF THIS CASE IN ORDER TO SHOW THAT PLAINTIFF-INTERVENOR SHOTSAY POSCIRI TIMELY MOVED TO AMEND HER COMPLAINT.**

The Court should note the time line before Ms. Posciri moved to amend. As the Ninth Circuit court stated in <u>Coleman v. The Quaker Oats Co.</u>, 232 F.3d 1271, 1295 (9th Cir. 2000), the burden is upon Ms. Posciri to

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF-INTERVENOR'S
    MOTION TO AMEND COMPLAINT
EEOC v. United Freight & Transport - Case No. 3:05-cv-0122-TMB
Page 3 of 12

show good cause for not having amended the complaint before the time specified in the scheduling order issued by the Court; good faith analysis primarily considers the diligence of the party seeking amendment of the scheduling report of which they were a party to in planning.  <u>Citing to Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992). Again, Ms. Posciri was <u>not</u> a party to the planning and scheduling report.

The complaint in this case was filed by the EEOC on behalf of the United States Government on June 2, 2005.  [Docket No. 1]  Subsequently, United Freight answered the complaint on July 5, 2005. [Docket No. 2]

On August 29, 2005 the Court issued a Scheduling and Planning Order.  [Docket No. 6]  Ms. Posciri was not a party to the scheduling and planning conference since the EEOC was not representing her, but representing the United States.

On November 1, 2005, Ms. Posciri first moved to intervene in this case in an individual capacity alleging violations of the state act for discrimination.  [Docket No. 9]  It was not until December 2, 2005, that this Court entered the order permitting Ms. Posciri to intervene in her individual capacity.  [Docket No. 12]

Janice Mansfield, a United Freight company representative, was

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF-INTERVENOR'S
    MOTION TO AMEND COMPLAINT
EEOC v. United Freight & Transport - Case No. 3:05-cv-0122-TMB
Page 4 of 12

deposed on December 8, 2005, and Frank Monfrey, the President of United Freight, was deposed on December 9, 2005. The depositions were conducted within one week of the Court's order allowing intervention.

Ms. Mansfield, in her deposition on December 8, 2005, made the statement that Ms. Posciri was not hired by the company because she filed a discrimination complaint against the company. (Ex. 1, Mansfield Depo. at 49)

Ms. Mansfield was asked at her deposition whether United Freight, after initially declining to hire Ms. Posciri, would again consider hiring Shotsay Posciri. The dialogue went as follows:

> Q. But again, I understand why you would prefer -- I understand that you're telling me that you preferred Dan over Shotsay, and you were keeping him in mind in case a position came open, but you had talked about three different people who might be leaving. So did you continue to consider Shotsay as well?
>
> A. If she had taken another call, **and the grievance had not been filed, or if the pressure had not been put on**, if she had taken the call, we definitely would have considered her.

(Ex. 1, Mansfield Depo. at 49)

In United Freight's initial disclosures, Janice Mansfield was listed as the officer manager for United Freight and Transport, and the attorney-client privilege was asserted on her behalf. Therefore, since she is a party representative, the statements of Ms. Mansfield are deemed as

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF-INTERVENOR'S
    MOTION TO AMEND COMPLAINT
EEOC v. United Freight & Transport - Case No. 3:05-cv-0122-TMB
Page 5 of 12

admissions against the company. Ms. Mansfield admitted that because Shotsay Posciri filed a grievance of discrimination against United Freight she would not be considered for employment by the company, even though she was well qualified to be a driver for the company.

Interestingly enough, United Freight tries to put a spin on the refusal to hire Shotsay Posciri by claiming that the Union was attempting to strong arm the defendant to hire Ms. Posciri after the grievance was filed. In his deposition, Frank Monfrey testified specifically that he was being "strong armed" by union representatives, like it was 25 to 30 years ago when Jesse Carr was running the Teamsters. (See Ex. 4, Monfrey Depo. at 6) Ms. Mansfield and Mr. Monfrey both state that it was Michael Killian who made the statement attempting to strong arm Mr. Monfrey into hiring Shotsay Posciri. Mr. Killian, in his attached affidavit, indicates that he never attempted to strong arm Mr. Monfrey, and never even mentioned that Ms. Posciri had to be hired because she was a friend of Mr. Kenny. (Ex. 2, Killian Affidavit)

The contemporaneous notes of Mr. Killian, dated December 10, 2003, indicate that there was a discussion encouraging settlement of the grievance and that he was under the impression that Mr. Monfrey was considering settling the matter, but he was concerned it would not look good

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF-INTERVENOR'S
   MOTION TO AMEND COMPLAINT
EEOC v. United Freight & Transport - Case No. 3:05-cv-0122-TMB
Page 6 of 12

in front of the other employees. (Ex. 3, Dec. 10, 2003 Memo; Ex. 6, Killian Depo. at 77, 208-209)

Another employee, Bill Smith, who was the senior driver at United Freight, himself testified that United Freight was not above retaliating against its employees who complained about working conditions. In his deposition, Bill Smith related how he himself was punished because he complained about working off the clock and not being compensated for hours that he was working. (See Ex. 5, Smith Depo. at 124-126)

Mr. Smith relayed that another woman driver, who also complained about working conditions, was retaliated against and felt forced to quit her job because of the conduct of the company against employees who complain about working conditions. (Ex. 5, Smith Depo. at 103-104)

The company has a history of not complying with the law, and when an employee complains, it retaliates against them.

In reviewing the Ninth Circuit case law as to whether a court should exercise its discretion in granting an amendment to a complaint, this Court should be reminded that Ms. Posciri, in her individual capacity, was not part of the scheduling and planning discussion in this case, and was not a party to the Scheduling and Planning Order entered by Judge Sedwick on August 29, 2005. [Docket No. 6] Ms. Posciri's intervention in this case was

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF-INTERVENOR'S
   MOTION TO AMEND COMPLAINT
EEOC v. United Freight & Transport - Case No. 3:05-cv-0122-TMB
Page 7 of 12

not granted until December 2, 2005. [Docket No. 12]

Shotsay Posciri moved to amend her complaint within two weeks after the depositions of United Freight's office manager and president were taken. It was during those depositions that there was an admission by the company that because Shotsay Posciri filed a grievance, she would not be hired at United Freight, even though she was qualified and even if she was dispatched by the Union.

It is clear that Ms. Posciri expediently and timely moved to amend as soon as the defendant admitted that they retaliated against Ms. Posciri because she filed a complaint of discrimination against United Freight.

C. **THE NEW CLAIM WOULD NOT BE AN EXERCISE IN FUTILITY.**

Defendant makes the argument that Ms. Posciri's claim for retaliation would be futile, and therefore, the Court should not permit the complaint to be amended. Defendant cites to Foman v. Davis, 371 U.S. 178, 182 (1962), as authority for its proposition.

However, in reading the Foman decision, it appears that the opinion supports Posciri in her attempt to amend the complaint.

> The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." . . . The Rules themselves provide that they are to be construed "to secure the

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF-INTERVENOR'S
   MOTION TO AMEND COMPLAINT
EEOC v. United Freight & Transport - Case No. 3:05-cv-0122-TMB
Page 8 of 12

just, speedy and inexpensive determination of every action." . . .

Id. at 181-182 (citation omitted). The Foman court reversed a decision by the trial court which denied a motion to amend the complaint.

Nevertheless, rebutting the argument of futility, an officer of the defendant company admitted that since Ms. Posciri had filed a complaint of discrimination with the Union against the company, it would not consider hiring her because she did so. (See Ex. 1, Mansfield Depo. at 49-50)

Under Alaska law, Ms. Posciri can prove her retaliation claim based on the admission by the defendant that because she filed a grievance it would not hire her. (See Ex. 7, Grievance)

Defendant, in its opposition brief at page 15, sets forth the standard in order to prove a retaliation claim. In analyzing the facts of the case, it appears that Ms. Posciri clearly meets all of the elements of retaliation. Mr. Monfrey tries to color the company's refusal to hire Shotsay Posciri by stating that the Union attempted strong-arm tactics. However, Ms. Mansfield admitted that because Posciri filed a complaint against the company it would not consider hiring her.

The fact that the employer is trying to create a pretext for its actions is self-evidence of discriminatory conduct. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 143 (2000).

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF-INTERVENOR'S
    MOTION TO AMEND COMPLAINT
EEOC v. United Freight & Transport - Case No. 3:05-cv-0122-TMB
Page 9 of 12

D. **THE STATUTE OF LIMITATIONS ISSUE IS A RED HERRING RAISED BY THE DEFENDANT.**

Under Alaska law, an amended complaint may be permitted under two theories: (1) the discovery rule, see <u>Greater Area Inc. v. Bookman</u>, 657 P.2d 828, 829 (Alaska 1982), or (2) the relation-back theory, see <u>Magestro v. State</u>, 785 P.2d 1211, 1213 (Alaska 1990).

The genesis of the liberal rule of amendment under Alaska law is set forth in the <u>Estate of Thompson v. Mercedes-Benz, Inc.</u>, 514 P.2d 1269, 1271 (Alaska 1973).

Under Alaska law, the opposing party must show how it would be prejudiced by the amendment to the complaint. Nowhere in the voluminous opposition did defendant state that it would be prejudiced because of this amendment to the complaint. The defendant merely tries to deflect the Court from the real issue in the case by raising extraneous assertions that are not relevant to the motion.

E. **CONCLUSION.**

Since Ms. Posciri was not a party to the pretrial planning order, and since there is an admission by the defendant that it would not hire Shotsay Posciri because she filed a grievance against the company, and since the defendant has not stated that it would in any way be prejudiced because of the amendment to the complaint, this Court, in exercising its discretion, should

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF-INTERVENOR'S
    MOTION TO AMEND COMPLAINT
EEOC v. United Freight & Transport - Case No. 3:05-cv-0122-TMB
Page 10 of 12

allow the complaint to be amended to permit an action for retaliation.

DATED at Anchorage, Alaska, this 6th day of February, 2006.

KENNETH W. LEGACKI, P.C.
Attorney for Plaintiff-Intervenor
Shotsay Posciri


By   s/Kenneth W. Legacki
     Kenneth W. Legacki
     Alaska Bar No. 8310132


I HEREBY CERTIFY that on the 6th day of February, 2006, a copy of the foregoing document was served electronically on:

Kathryn Olson
Teri Healy
Equal Employment Opportunity Commission

William J. Evans
Wendy Edwards Leukuma
Dorsey & Whitney

        s/Kenneth W. Legacki

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF-INTERVENOR'S
    MOTION TO AMEND COMPLAINT
EEOC v. United Freight & Transport - Case No. 3:05-cv-0122-TMB
Page 11 of 12

## EXHIBITS - TABLE OF CONTENTS

Exhibit 1   -   Excerpts from Deposition of Janice Mansfield

Exhibit 2   -   Affidavit of Michael Killian

Exhibit 3   -   Memorandum from Michael Killian to Mike Jones, dated December 10, 2003

Exhibit 4   -   Excerpts from Deposition of Frank Monfrey

Exhibit 5   -   Excerpts from Deposition of William Smith

Exhibit 6   -   Excerpts from Deposition of Michael Killian

Exhibit 7   -   Letter from Michael Jones to Frank Monfrey re: Grievance/Refusal to Hire, dated October 2, 2003

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF-INTERVENOR'S MOTION TO AMEND COMPLAINT
EEOC v. United Freight & Transport - Case No. 3:05-cv-0122-TMB
Page 12 of 12