IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>          Plaintiff,<br><br>and<br><br>SHOTSAY POSCIRI,<br><br>          Plaintiff-Intervenor,<br><br>     vs.<br><br>UNITED FREIGHT AND TRANSPORT, INC.,<br><br>          Defendant. | Case No. 3:05-cv-0122   TMB<br><br>O R D E R<br>RE: MOTION TO AMEND COMPLAINT<br><br>(Docket 19) |

This matter was filed on June 1, 2005 by the Equal Employment Opportunity Commission ("EEOC"). Docket 1. The EEOC filed the Complaint "under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Shotsay Posciri ("Ms. Posciri"). The [EEOC] alleges that defendant subjected Ms. Posciri to disparate treatment when it failed to hire her for employment on the basis of [her] sex, female." Docket 1.

Shotsay Posciri was permitted to intervene in this matter. Docket 13. The Court now considers Posciri's request to amend her Complaint. Docket 19.

**Background**

Defendant United Freight and Transport, Inc., ("UF & T"), operates a trucking company in Anchorage, Alaska. UF & T drivers pull trailers from the Port of Anchorage and deliver them to various businesses throughout the Anchorage area. Docket 27. The hiring of drivers by UF & T is governed by a collective bargaining agreement with Local No. 959 of the International Brotherhood of Teamsters. The process for hiring drivers is detailed in the briefing. See Docket 27, at 4-7.

The Complaint arises from a call for drivers in September 2003. Defendant summarizes the sequence of events as follows: On September 18, 2003, UF&T issued a call for drivers. Of the applicants who answered the call, UF&T chose to hire an applicant other than Posciri, although Posciri passed her road test and was "acceptable to be hired." Docket 27 at 9. Ultimately, UF&T preferred another driver "because he was faster and more comfortable in his driving and he had experience working in the Port of Anchorage," while Posciri's driving seemed "more tentative." Docket 27 at 9.

On October 2, 2003, the Union filed a Step 1 grievance regarding UF&T's decision not to hire Posciri. Docket 27 at 10. On October 16, 2003, UF&T opened another call for drivers. Posciri did not respond to this call. Docket 27 at 11.

On October 31, 2003, the Union filed a Step 2 grievance regarding the hiring of an individual after the close of the September call. Docket 27 at 11.

On November 14, 2003, the Union met with UF&T regarding the grievance and possible settlement. The Union proposed, in part, compensating Posciri for lost wages, giving Posciri seniority over the individual hired instead of her, and waiving the probationary period for Posciri. Docket 27 at 11-12. UF&T rejected these conditions. Docket 27 at 12.

On February 11, 2004, a Step 3 panel was convened to hear the grievance. "The panel determined unanimously that the grievance did not have merit. . . Neither the Union nor Posciri pursued the grievance to the next step of binding arbitration." Docket 27 at 12. On July 6, 2004, Posciri filed a charge with the EEOC alleging sex discrimination. Docket 27 at 12-13.

On June 1, 2005, the EEOC commenced this action. Docket 1. A Scheduling and Planning Order was entered on August 29, 2005. Docket 6.

On December 2, 2005, Posciri was permitted to intervene in this matter. Docket nos. 12 & 13. Posciri seeks relief under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and Title 18 of the Alaska Statutes for disparate treatment for failure to hire her on the basis of sex. Docket 13. She moved to amend her Complaint twenty-one days later. Docket 19.

In her Motion for Leave to Amend, Posciri seeks to amend her Complaint to "conform to the evidence," arguing that based upon recent deposition of the president of UF & T, she should be entitled to include a cause of action in her Complaint for retaliation. Docket 19. Specifically, she

2

claims that "the failure to hire Ms. Posciri because she filed a grievance is retaliatory conduct prohibited by both the federal and state anti-discrimination laws." Docket 19, Exhibit 27 (proposed First Amended Complaint). Posciri's memorandum in support of her motion indicates that "Mr. Monfrey made the statement that he would not under any circumstances hire Shotsay Posciri because she filed a grievance for discrimination. The ostensible reason given was due to the union's approach to settle the grievance filed by Ms. Posciri." Docket 19 at 2. Defendant opposes the motion on several grounds. Docket 27.

**Good Cause for Amendment**

Defendant argues that Posciri's reliance on Fed. R. Civ. P. 15(a) is misplaced. Docket 27 at 13. "Once a deadline for filing amended pleadings is ordered by the Court, a party's 'ability to amend [its] complaint [is] governed by Rule 16(b), not Rule 15(a)." Id., citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992). Defendant argues that Posciri has not shown "good cause" under Rule 16(b) to warrant an amendment. Docket 27 at 13-14.

Posciri argues in response that she was not a party to the scheduling and planning meeting, and in good faith timely moved to amend her Complaint 21 days after the Court permitted her to intervene, and only 15 days after the incriminating statements were made at the deposition of a UF&T representative. Docket 31 at 2-8.

**Futility of Claim**

Defendant disputes that UF&T's President, Frank Monfrey, ever made a statement that he would not hire Posciri after her grievance was filed. In support, Defendant has filed a complete copy of his deposition. Docket 27, Exhibit F. Defendant argues that a court may always deny a motion to amend a complaint if the proposed amendment would be futile. Docket 27 at 14, citing Foman v. Davis, 371 U.S. 178, 182 (1962).

Defendant notes that Posciri applied to work for UF&T only once, on September 22, 2003. UF&T declined to hire her, and this refusal is the basis of her October 2, 2003, grievance. Docket 27 at 16. Accordingly, argues Defendant, UF&T's refusal to hire Posciri was not a *result* her filing a grievance, because at no point after October 2 did Posciri ever apply for a position with UF&T. Docket 27 at 16. Rather, argues Defendant, Posciri "is alleging that UF&T engaged in retaliatory conduct by failing to settle her grievance by hiring her instead of the hires it made in October

3

2003." Id. Defendant argues that had Posciri shown up for the call in October, she would have been considered for the October hire. Id., at 17, citing Exhibit F, Monfrey Dep. pp. 85-89. "There is no legal or factual support for a claim of retaliation by Posciri. There is no evidence that her filing of a grievance resulted in any adverse employment action. Accordingly, her Motion for Leave to Amend should be denied as it would be futile to pursue." Docket 27 at 19.

Posciri argues that her claim is not futile because she has an admission by Janice Mansfield, an officer of UF&T, that Posciri might have been hired if the grievance had not been filed.[1] Docket 31 at 5, 9.

**Statute of Limitations**

Finally, Defendant argues that Posciri's retaliation claim is barred by both federal and state statues of limitation. Docket 27 at 19. Posciri complains that UF&T failed to hire her in October or November 2003. Under Alaska law, a claim of retaliatory conduct under the Alaska Human Rights Act, AS 18.80.220 et seq., would be subject to a two-year statute of limitation. Docket 27 at 20, citing Russell v. Municipality of Anchorage, 743 P.2d 372 (Alaska 1987). Similarly, a claim for the tort of retaliation is subject to a two-year statute of limitation under AS§ 09.10.070. Docket 27 at 20. A claim of retaliation under Title VII also would be time barred, according to Defendant, as Title VII requires all charges to be filed with the EEOC within 180 days. 42 U.S.C. 2000e-5(e)(1). Defendant notes that "Alaska is a 'deferral' state, [where] a complaint has up to 300 days to bring a claim under title VII to the EEOC or state administrative agency for review. Because the adverse employment action Posciri alleges occurred in October or November of 2003, the 300 day time period for bringing a charge to the EEOC regarding a violation of Title VII has long since passed. Posciri has made no effort to obtain a verification of her charge pursuant to 29 C.F.R. 1601.12(b). Accordingly, Posciri has failed to exhaust her administrative remedies by filing a timely claim for retaliation with the EEOC." Docket 27 at 20.

Posciri argues that this issue is a red herring. Docket 31 at 10. "Under Alaska law, an amended complaint may be permitted under two theories: (1) the discovery rule, See Greater Area

---

[1]Posciri offers no explanation as to why she accuses Monfrey of making the alleged statements in her Motion, while noting in her Reply that it was in fact Mansfield who made the purportedly incriminating statements.

Inc. v. Bookman, 657 P.2d 828, 829 (Alaska 1982), or (2) the relation-back theory, See Magestro v. State, 785 P.2d 1211, 1213 (Alaska 1990)." Id.  Posciri argues that under Alaska law, Defendant must show how it would be prejudiced by the amendment to the complaint, and Defendant has not done so.  Docket 31 at 10.  Posciri has not addressed how the foregoing statutes of limitations, and failure to exhaust administrative remedies, would not apply in her circumstances.

**Court's Resolution**

Ms. Posciri was not a party to this case when the Court issued its scheduling and planning order on August 29, 2005, establishing a deadline 60 days later to move to amend pleadings. Docket 6.  Ms. Posciri moved to intervene on November 2, 2005, and was not permitted to intervene in this action until December 2, 2005, over one month after the deadline to amend pleadings.  Docket nos. 9 & 12.  Fed. R. Civ. P. 16(b) allows modification of the deadlines set in that order "upon a showing of good cause." Ms. Posciri has shown due diligence in her efforts to amend her Complaint to adequately plead her causes of action against Defendant.

Furthermore, Ms. Posciri has raised the specter of a retaliation claim, based on the statement made by Janice Mansfield at her deposition.  This Court need not find that Posciri would more likely than not succeed on the merits as to her amended Complaint.  The briefing is insufficient for this Court to determine whether the statutes of limitation cited by Defendant preclude the cause of action for retaliation.  It appears possible that Defendant could prevail in a Motion to Dismiss on statute of limitations grounds.  However, the Court notes that the deadline for dispositive motions expired in early March 2, 2006, while the Motion to Amend was pending before this Court.  See Docket 6.

>
>
>
>
>
>
>
>

Accordingly, **it is hereby ordered** as follows:

1. Posciri's Motion to Amend Complaint (docket 19) is GRANTED.  Posciri shall file her Amended Complaint no later than May 22, 2006.

2. If Defendant wishes to further litigate the statute of limitations issue via a Motion to Dismiss, such Motion shall be filed no later than June 12, 2006.

3. No additional deadlines shall be extended absent express permission of the Court.

Dated at Anchorage, Alaska, this 12th day of May, 2006.

/s/ Timothy Burgess
Timothy M. Burgess
United States District Judge