William J. Evans, ABA #9812092
Wendy E. Leukuma, ABA #0211048
DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501-5907
(907) 276-4557

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>              Plaintiff,<br>and<br><br>SHOTSAY POSCIRI,<br><br>              Plaintiff-Intervenor,<br>vs.<br><br>UNITED FREIGHT AND TRANSPORT, INC.,<br><br>              Defendant. | Case No. 3:05-cv-0122-TMB |

**DEFENDANT'S MOTION FOR RULE OF LAW OF THE CASE**
**REGARDING PUNITIVE DAMAGE EVIDENCE**

**I.   INTRODUCTION**

Defendant United Freight and Transport, Inc. ("United Freight") moves for entry of an order establishing that AS 09.17.020 controls the discovery and presentation of punitive damage evidence in this case. In cases such as this, involving both state and federal discrimination claims as well as a state statute prohibiting the discovery or presentation of evidence relating to a defendant's financial condition prior to a verdict on

the merits, discovery of a defendant's financial condition must be delayed to maintain fidelity to state law.  Here, however, the EEOC has pursued discovery regarding United Freight's financial condition.  United Freight therefore requests entry of an order confirming that AS 09.17.020 controls the discovery and presentation of punitive damage evidence in this case.

Alternatively, and in the unlikely event this Court determines that AS 09.17.020 does not control these proceedings, United Freight moves for entry of an order bifurcating trial and discovery as follows, thereby precluding discovery of United Freight's financial condition until after a determination on liability:

>   Phase I:  liability, amount of compensatory damages, and whether punitive damages are warranted
>
>   Phase II:  amount of punitive damages

Bifurcation is necessary to ensure that United Freight's operations are not compromised by the disclosure of highly sensitive, confidential information and because introduction of evidence related to United Freight's financial condition in the plaintiffs' case in chief would prejudice United Freight's defense.  Bifurcation would also further the goals of convenience, expediency, and economy.

## II.     BACKGROUND

### A.     United Freight & Transport, Inc.

United Freight is a privately owned corporation that operates a local trucking company in Anchorage, Alaska.  [Affidavit of Frank Monfrey ("Monfrey Aff."), dated May 16, 2006, ¶ 2, filed herewith.]  Unlike a publicly traded corporation, therefore, information regarding United Freight's financial condition is not available to the public, United Freight's competitors, or the like.  [See id., ¶ 6.]

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK  99501
(907) 276-4557

DEFENDANT'S MOTION FOR RULE OF LAW OF THE
CASE REGARDING PUNITIVE DAMAGE EVIDENCE                    *EEOC and Posciri v. UFTI*
Page 2 of 15                                                                               Case No. 3:05-cv-0122-TMB

United Freight is also a Union company. Employee compensation and benefits, as well as all other aspects of United Freight's employment-related matters, are governed by United Freight's Collective Bargaining Agreement ("CBA") with the General Teamsters Local 959 ("Teamsters"). [Id., ¶ 3.] The terms and conditions of United Freight's CBA are negotiated every three to four years and have a significant impact on United Freight's financial success. [Id., ¶ 4.] Past negotiations have been highly contentious and lasted as many as nine months. [Id., ¶ 7.] Based on United Freight's experience in negotiating with the Teamsters, maintaining the confidentiality of United Freight's financial position is essential for maintaining United Freight's ability to negotiate a profitable CBA with the Teamsters. [See id., ¶¶ 5-7.]

Disclosure of United Freight's financial records would also compromise United Freight's competitive edge. United Freight's competitors operate nearly identical businesses, and United Freight's main competitor is also privately owned. Dissemination of Freight's non-public financial information would give United Freight's competitors substantial insight into United Freight's otherwise confidential financial operations, including commercially sensitive information. [Id., ¶ 8.] Maintaining the confidentiality of United Freight's financial records is therefore essential to United Freight's continuing financial success. [Id.]

### B. Proceedings

In June 2005, the EEOC initiated this action alleging that United Freight violated §§ 703(a) of Title VII, 42 U.S.C. § 2000e-2(a), when it failed to hire Shotsay Posciri ("Posciri") because of her sex. [Complaint ¶ 7, Docket No. 1-1.] The EEOC's Complaint typifies "notice" pleading, in that it provides little to no factual information

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

regarding the basis for its claim.[1]  Instead, it simply alleges that United Freight's conduct was "intentional" and "done with malice or reckless indifference to Ms. Posciri's federally protected rights."  Included within the EEOC's request for relief is an award of punitive damages.   [Id., ¶¶ 9, 10, F.]

In September 2005, the EEOC served its first set of discovery requests on United Freight.  Among other things, the EEOC sought production of United Freight's financial records.  [EEOC's First Interrogatories and Requests for Production to Defendant United Freight and Transport, Inc., Request For Production No. 22, attached hereto as Ex. A.]  United Freight objected to the production of its financial records by indicating that such records were not relevant or discoverable at this time.  [Defendant's Answers and Responses to EEOC's First Interrogatories and Requests for Production to Defendant, Response to Request for Production No. 22, attached hereto as Ex. B.]

On November 1, 2005, Ms. Posciri filed a motion to intervene alleging that United Freight's conduct also violated the Alaska Human Rights Act, AS 18.80.010 *et seq*.[2]  [Complaint In Intervention ¶ 13, Docket No. 9-1.]  Like the EEOC, Posciri's Complaint in Intervention was extremely vague and, among other things, sought punitive damages.  [Id. at p. 6, ¶ 5.]

---

[1] Notably, despite service of a number of contention interrogatories requesting detailed factual information regarding the nature and basis of the EEOC's claim, the EEOC has never identified the "less qualified male with less union seniority" that the EEOC contends United Freight hired instead of Ms. Posciri.  [See Defendant's First Discovery Requests to Plaintiff and Supplemental Answers Thereto, dated December 5, 2005, at p. 3, attached hereto as Ex. C (Supplemental Answer to Interrogatory No. 1).]

[2] Posciri has since received permission to amend her Complaint in Intervention to add a claim for retaliation under both state and federal law.  [See Order Re: Motion to Amend Complaint (Docket No. 19), Docket No. 39.]

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

DEFENDANT'S MOTION FOR RULE OF LAW OF THE
CASE REGARDING PUNITIVE DAMAGE EVIDENCE                              *EEOC and Posciri v. UFTI*
Page 4 of 15                                                         Case No. 3:05-cv-0122-TMB

On Monday, November 28, 2005, the EEOC followed up on its request for the production of United Freight's financial records by advising United Freight that, based on its claim for punitive damages, it believed it was entitled to obtain the requested financial records prior to the depositions scheduled for the following week and that it would file a motion to compel if United Freight did not produce its financial records by the following Monday. [Letter from M. Kucuk to W. Evans and W. Leukuma, dated November 28, 2005, attached hereto as Ex. D.] The next day, United Freight responded to the EEOC by letter, explaining in detail why the EEOC was mistaken and why the requested financial information was not yet discoverable given the statutory prohibition contained in AS 09.17.020. [Letter from W. Leukuma to T. Healy and M. Kucuk, dated November 29, 2005, at 1, attached hereto as Ex. E.] United Freight then advised the EEOC of the highly confidential nature of the requested financial records and explained that disclosure of such information could be financial ruinous to United Freight. [Id. at 2.] Accordingly, United Freight asked the EEOC to respond by December 5, 2005, if it continued to disagree with United Freight's position so that United Freight could seek a protective order prior to the scheduled depositions. [Id. at 2.] The EEOC did not respond to United Freight's letter. [Affidavit of Counsel, dated May 19, 2006, ¶ 4, filed herewith.]

Much to United Freight's surprise, the EEOC then attempted to elicit information regarding United Freight's financial condition on December 9, 2005, during the deposition of Frank Monfrey, President of United Freight. [Deposition of Frank Monfrey at 143-44, 146-47, attached hereto as Ex. F.] Following United Freight's objection to questions regarding the accuracy of financial information contained in a Dunn &

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

DEFENDANT'S MOTION FOR RULE OF LAW OF THE
CASE REGARDING PUNITIVE DAMAGE EVIDENCE                    *EEOC and Posciri v. UFTI*
Page 5 of 15                                                Case No. 3:05-cv-0122-TMB

Bradstreet report, the EEOC held the deposition open pending resolution of the parties' dispute. [Id. at 146-47.]

Several weeks later, the EEOC emailed United Freight a second set of discovery requests — this time seeking access to highly detailed financial information, including United Freight's tax returns, certified financial statements, and documents containing information regarding United Freight's assets and liabilities. [EEOC's Second Set of Interrogatories and Requests for Production of Documents to Defendant United Freight and Transport, Inc., dated December 30, 2005, Request for Production Nos. 7-9, attached hereto as Ex. G.] United Freight responded by reiterating its objection to the EEOC's premature attempt to discover such information. [Defendant's Answers and Responses to EEOC's Second Set of Interrogatories and Requests for Production to Defendant, dated February 1, 2006, Responses to Request for Production Nos. 7-9, attached hereto as Ex. H.]

Although the EEOC has yet to follow up on its attempts to obtain information regarding United Freight's financial condition, it is apparent that the EEOC continues to disagree with United Freight's position. Moreover, the parties have noticed a series of depositions over the course of the next month or so and additional depositions, as well as follow-up discovery requests, are anticipated prior to the close of discovery on June 30, 2006. [Affidavit of Counsel, ¶¶ 6, 7.] The Court's confirmation regarding the application of AS 09.17.020 is therefore necessary to ensure that discovery is conducted in an efficient and appropriate manner. Alternatively, entry of an order bifurcating trial and discovery is necessary to adequately protect United Freight and to ensure that this case is decided solely on the merits.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

### III.   ARGUMENT

Generally, a defendant's financial condition is relevant and discoverable with respect to a claim for punitive damages.[3]  The issue thus presented by this motion is not whether such information is discoverable, but *when* it is discoverable and when it may be presented to the jury.  As explained by the court in <u>Wilson v. Gillis Advertising Co.</u>, 145 F.R.D. 578, 580-81 (N.D. Ala. 1993), the answer to this question is provided by 42 U.S.C. § 1988, which requires this Court to apply state law where the federal civil rights laws are "deficient" unless state law is "inconsistent with the Constitution or federal law."  Application of this rule demonstrates that AS 09.17.020 controls both the discovery and presentation of evidence related to United Freight's financial condition.

#### A.   Alaska Statute 09.17.020 controls the discovery and presentation of evidence related to United Freight's financial condition

Like this case, <u>Wilson</u> involved both state law claims as well as a claim for intentional discrimination under the Civil Rights Act of 1964, as amended in 1991. <u>Wilson</u>, 145 F.R.D. at 579.  Also like this case, the plaintiff sought punitive damages under both state and federal law.  <u>Id.</u>  During discovery, she requested information regarding the financial condition of her employer (i.e., the corporate defendant).  Citing an Alabama statute nearly identical to AS 09.17.020, her employer objected to the request and refused to produce any information regarding its financial condition.  <u>Id.</u> at 579, 580. Dissatisfied with her employer's response, Wilson filed a motion to compel and for sanctions.  <u>Id.</u> at 579.  In a well-reasoned opinion, the Alabama district court denied

---

[3] <u>See</u> AS 09.17.020(c)(6); <u>see</u> <u>also</u> <u>Pacific Mut. Life Ins. Co. v. Haslip</u>, 499 U.S. 1, 21-22 (1991) (indicating that the "financial position" of the defendant was a valid consideration when reviewing a punitive damage award for excessiveness but that the jury could not rely on the defendant's net worth alone to justify a large punitive damage award).

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

DEFENDANT'S MOTION FOR RULE OF LAW OF THE
CASE REGARDING PUNITIVE DAMAGE EVIDENCE               *EEOC and Posciri v. UFTI*
Page 7 of 15                                          Case No. 3:05-cv-0122-TMB

Wilson's motion to compel and instead held that it was obliged to defer to Alabama state law, which prohibited discovery of the defendant's financial condition "until all questions of liability have been determined." Id. at 581-82.

In reaching its decision, the court looked to 42 U.S.C. § 1988, which incorporates state law where the federal civil rights laws are "deficient" and the applicable state law is "not inconsistent with the Constitution and the laws of the United States." 42 U.S.C. § 1988(a); Wilson, 145 F.R.D. at 580-81. Agreeing with the defendant's contention that federal law does not specify at what point in the litigation the financial background of a defendant becomes discoverable and/or admissible, the court concluded that it "must refer to state law, *unless* it is inconsistent with federal law." Wilson, 145 F.R.D. at 581, (citing Bell v. City of Milwaukee, 746 F.2d 1205, 1234 (7th Cir. 1984), overruled on other grounds in Russ v. Watts, 414 F.3d 783 (7th Cir. 2005)) (emphasis in original). Noting that Alabama law simply delayed the discovery and admission of evidence regarding a defendant's financial condition, the court held that the applicable statute was consistent with federal law, even though it conflicted with the federal rules. Id. at 581-82. Accordingly the court denied the plaintiff's motion to compel and held that, "[i]n order to maintain fidelity to [Alabama law], the discovery of [the defendant's] financial worth by plaintiff will be postponed until all questions of liability have been determined." Id. at 581.

The substantive provisions of the Alabama statute applied in Wilson are virtually indistinguishable from AS 09.17.020. As explained by the Wilson court, under Alabama law, information regarding a defendant's financial condition is not discoverable or admissible "'until after a verdict for punitive damages has been rendered,' or unless the

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

DEFENDANT'S MOTION FOR RULE OF LAW OF THE
CASE REGARDING PUNITIVE DAMAGE EVIDENCE    *EEOC and Posciri v. UFTI*
Page 8 of 15    Case No. 3:05-cv-0122-TMB

information is 'otherwise discoverable.'" Id. at 581 and n.3, citing Ala. Code § 6-11-23(b) (1992). Likewise, AS 09.17.020 provides in relevant part:

> (a)  In an action in which a claim of punitive damages is presented to the fact finder, the fact finder shall determine, concurrently with all other issues presented, whether punitive damages shall be allowed by using the standards set out in (b) of this section. If punitive damages are allowed, a separate proceeding under (c) of this section shall be conducted before the same fact finder to determine the amount of punitive damages to be awarded.
>
> …
>
> (c)  At the separate proceeding to determine the amount of punitive damages to be awarded, the fact finder may consider
>
> …
>
> (6)  the financial condition of the defendant; …
>
> (e)  Unless that evidence is relevant to another issue in the case, discovery of evidence that is relevant to the amount of punitive damages to be determined under (c)(3) or (6) of this section may not be conducted until after the fact finder has determined that an award of punitive damages is allowed under (a) and (b) of this section. …

AS 09.17.020. Both statutes thus prohibit the discovery or admission of evidence regarding a defendant's financial condition until after the jury determines that punitive damages are awardable.[4]

Given the nearly identical statutes and circumstances involved in this case, application of 42 U.S.C. § 1988 dictates that AS 09.17.020 controls the discovery and admission of evidence pertaining to United Freight's financial condition. Pursuant to

---

[4] Although jurisdiction was not based on diversity, the Wilson court observed that Alabama's statute was "so fundamental to the resolution of the issue of punitive damages under the Alabama law theories as to be effectively substantive and as a practical matter binding on a federal trial court when it tries an Alabama tort claim seeking punitive damages." 145 F.R.D. at 579-80.

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

DEFENDANT'S MOTION FOR RULE OF LAW OF THE
CASE REGARDING PUNITIVE DAMAGE EVIDENCE      *EEOC and Posciri v. UFTI*
Page 9 of 15                                  Case No. 3:05-cv-0122-TMB

AS 09.17.020, discovery regarding United Freight's financial condition must be postponed until after a trial on the merits.

### B. Alternatively, bifurcation of trial and discovery is appropriate and necessary given the compelling circumstances of this case

Alternatively, in the unlikely event that this Court determines that AS 09.17.020 does not control these proceedings, United Freight moves for bifurcation of trial and discovery as set forth in AS 09.17.020. Rule 42(b) of the Federal Rules of Civil Procedure permits bifurcation when such action would be "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." Here, bifurcation would serve each of these goals and is appropriate and necessary given the compelling circumstances of this case.

#### 1. Bifurcation is necessary to avoid prejudice to United Freight

First, bifurcation is necessary to avoid unfair prejudice to United Freight. As explained above, maintaining the confidentiality of United Freight's financial records is essential to United Freight's continuing success. Disclosure of such information to the Teamsters would threaten United Freight's ability to negotiate a profitable CBA, while disclosure to United Freight's competitors would give them commercially sensitive information that could be used to United Freight's detriment. Notably, not only is Ms. Posciri a longstanding member of the Teamsters, her husband is employed by the Teamsters as a business representative. [Ex. C at 3 (EEOC's Supplemental Response to Interrogatory No. 1); Ex. I at 3.] United Freight's concerns regarding disclosure of its non-public financial information are therefore very real and provide a legitimate reason for bifurcation of both trial and discovery in this matter. See Industrias Metàlicas Marva, Inc. v. Lausell, 172 F.R.D. 1, 5 (D. Puerto Rico 1997) (recognizing maintenance of

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

DEFENDANT'S MOTION FOR RULE OF LAW OF THE
CASE REGARDING PUNITIVE DAMAGE EVIDENCE        *EEOC and Posciri v. UFTI*
Page 10 of 15                                   Case No. 3:05-cv-0122-TMB

confidential and critical information as a valid reason for bifurcation of trial and discovery); <u>Rupert v. Sellers</u>, 48 A.D.2d 265, 271-72 (N.Y. App. 1975) (adopting bifurcation of trial and discovery as matter of course to protect confidentiality of defendant's financial information and prevent coerced settlements given ease with which a punitive damages claim can be asserted).

In addition to the dangers presented by pretrial discovery, the introduction of evidence pertaining to United Freight's financial condition during the liability portion of the trial can only prejudice United Freight. It is beyond dispute that the plaintiffs' claim for punitive damages is dependent on the jury's determination that United Freight intentionally discriminated against Ms. Posciri and that United Freight acted with malice or reckless indifference to Ms. Posciri's federal or state rights. AS 09.17.020(b); <u>Kolstad v. American Dental Assoc.</u>, 527 U.S. 526, 534 (1999). Thus evidence related to United Freight's financial condition is not relevant and cannot be considered by the jury for purposes of determining liability. As explained by the Alaska Supreme Court,

> Although evidence of insurance [or other financial information] arguably is relevant to the appropriate measure of punitive damages, it is not relevant to the threshold question of whether a party's conduct was so reprehensible that punishment is necessary or whether punitive damages will deter other from engaging in similar conduct. ***When examining a defendant's conduct to determine whether punitive damages are appropriate, it should make no difference that the party is wealthy or impoverished***, or insured rather than uninsured. Either the conduct is reprehensible enough to warrant punitive damages, or it is not, and the existence or absence of liability insurance [or significant assets] has no bearing on that issue.

<u>Shane v. Rhines</u>, 672 P.2d 895, 900 (Alaska 1985) (emphasis added).

Although United Freight's financial condition is not relevant for purposes of determining liability, courts and commentators agree that evidence of a defendant's financial condition (i.e., ability to pay) has great potential for improperly influencing the

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

DEFENDANT'S MOTION FOR RULE OF LAW OF THE
CASE REGARDING PUNITIVE DAMAGE EVIDENCE
Page 11 of 15

*EEOC and Posciri v. UFTI*
Case No. 3:05-cv-0122-TMB

jury's decision.  See Smith v. Lighting Bolt Prod., Inc., 861 F.2d 363, 373-74 (2d Cir. 1988) ("Since it often would be prejudicial to a defendant to attempt to litigate its financial condition during the trial on the issues of liability and compensatory damages, the preferred method of accommodating the various interests is to delay trial as to the amount of an award of punitive damages until the usual issues of liability and compensatory damages have been tried, along with the matter of whether the defendant's conduct warrants any award of punitive damages at all."); Torres v. Automobile Club of S. Cal., 15 Cal. 4th 771, 777 (1997) (explaining that section 3295(d) of the California Civil Code requires bifurcation on application of any defendant and that "bifurcation minimizes potential prejudice by preventing jurors from learning of a defendant's 'deep pockets' before they determine these threshold issues"); 1 John J. Kircher and Christine M. Wiseman, PUNITIVE DAMAGES LAW AND PRACTICE § 12:04 (2000) (advocating for bifurcation and arguing that the separate trial of punitive damages can meet the "dual focus of judicial economy and a fair trial" in many cases); see also Simpson v. Pittsburgh Corning Corp., 901 F.2d 277, 283 (2d Cir. 1990) (observing that bifurcation of the amount of punitive damages is "the preferred method" in the Second Circuit).  Justice Compton succinctly set forth the problem of allowing evidence regarding a defendant's financial condition to improperly prejudice the jury, as well as a practical and just solution, in his concurring opinion in Shane v. Rhines:

> On the one hand, ***evidence of the defendants' ability to respond in damages*** can improperly influence the jury's determination of liability. Accordingly, such evidence, and particularly evidence of insurance, ***is generally inadmissible at trial*** because of the danger of its misuse.  On the other hand, when punitive damages are at issue, evidence of the defendants' wealth, including any insurance, is relevant to determining what amount should be awarded so as to fulfill the purposes of punishment and deterrence.  Thus, in an action in which punitive damages may be awarded,

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

DEFENDANT'S MOTION FOR RULE OF LAW OF THE
CASE REGARDING PUNITIVE DAMAGE EVIDENCE                    *EEOC and Posciri v. UFTI*
Page 12 of 15                                               Case No. 3:05-cv-0122-TMB

there is a strong reason not to present evidence of the defendants' wealth to the jury and, at the same time, there is a need to present such evidence. Justice would be best served if both of these conflicting interests could be accommodated.

I believe the solution to this dilemma is as obvious as the problem is. Civil Rule 42(b) specifically states that "[t]he court, in furtherance of convenience or to avoid prejudice, ... may order a separate trial of any ... issue...." This Rule was designed to provide flexibility in handling trials, and its use in cases such as this would easily resolve the problem presented. ***The issue of the proper amount of punitive damages to award can simply be bifurcated from the other issues in the case.*** In this fashion, the liability issues could be determined without the possibility of the jury's decision being tainted by evidence of the defendant's wealth. ***If the jury decides in the first phase of the trial that an award of punitive damages is appropriate, a second phase of the trial, using the same jury, could then be held to determine the proper amount of the award.*** At this separate phase, the needed evidence of the defendant's wealth, including evidence of any insurance coverage, could be presented. The minimal additional costs and delay entailed in using this procedure would clearly be outweighed by the benefits it would confer in ensuring that the interests of justice are fulfilled.

The benefits of bifurcating the issues in this fashion so clearly outweigh any possible burdens, I am of the opinion that it would be an abuse of discretion for the court not to follow this procedure in this or similar cases.

672 P.2d at 901-02 (emphasis added) (citations omitted). Justice Compton's approach was subsequently adopted by the Alaska legislature with the enactment of AS 09.17.020 in 1997 and, given the particularly high stakes involved in this case, should also be adopted by this Court. See Hunter Douglas, Inc. v. Comfortex Corp., 44 F. Supp.2d 145, 147-48 (N.D.N.Y. 1999) ("In deciding whether one trial or separate trials will best serve the convenience of the parties and the court, avoid prejudice, and minimize expense and delay, the major consideration is directed toward the choice most likely to result in a just final disposition of the litigation.")

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

DEFENDANT'S MOTION FOR RULE OF LAW OF THE
CASE REGARDING PUNITIVE DAMAGE EVIDENCE
Page 13 of 15

*EEOC and Posciri v. UFTI*
Case No. 3:05-cv-0122-TMB

### 2. Bifurcation furthers the interests of convenience, expediency, and economy

Second, bifurcation further the interests of convenience, expediency and economy. Should the jury find for United Freight or find that punitive damages are not awardable, bifurcation would (1) prevent the unnecessary disclosure of highly sensitive, confidential information; (2) simplify and streamline trial and discovery; and (3) minimize the parties' discovery and litigation costs. In the event that the jury finds for the plaintiffs and further finds that punitive damages are awardable, bifurcation would, at a minimum, provide an incentive for settlement. See Smith v. Alyeska Pipeline Svc. Co., 538 F. Supp. 977, 984 (D. De. 1982). Even if the case did not settle, however, the issues relating to liability and amount of punitive damages are sufficiently distinct so as not to require duplicative testimony. Any concern regarding additional delay or duplication of efforts could easily by addressed by ordering United Freight to have relevant financial information available for disclosure immediately after the jury's verdict or by requiring United Freight to furnish such information to the court *in camera* well before trial. See, e.g., AS 09.17.020(e) (authorizing the court to issue any orders necessary, including directing the parties to have any information relevant to the amount of punitive damages … available for production immediately at the close of the initial trial); Wilson, 145 F.R.D. at 582 (ordering *in camera* production well before trial); see also Hunter Douglas, 44 F. Supp.2d at 155 (explaining that a separate patent damages phase would not cause undue delay in the trial where it would immediately follow the liability phase and be presented to same jury). These reasons alone provide a sufficient basis for bifurcating both trial and discovery.

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

DEFENDANT'S MOTION FOR RULE OF LAW OF THE
CASE REGARDING PUNITIVE DAMAGE EVIDENCE
Page 14 of 15

*EEOC and Posciri v. UFTI*
Case No. 3:05-cv-0122-TMB

## IV. CONCLUSION

Based on the foregoing, United Freight respectfully requests entry of an order confirming that AS 09.17.020 controls the discovery and admission of punitive damage evidence in this case. Alternatively, United Freight requests entry of an order bifurcating trial and discovery as set forth in AS 09.17.020 to prevent unnecessary disclosure of highly sensitive, confidential information, to ensure that this case is decided solely on the merits, and to further the interests of convenience, expediency, and economy.

DATED this 19th day of May, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY LLP
Attorneys for Defendant

By: s/Wendy E. Leukuma
William J. Evans, ABA #9812092
Wendy E. Leukuma, ABA #0211048
DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501
Phone: 907-276-4557
Fax: 907-276-4152
Email: evans.william@dorsey.com
Email: leukuma.wendy@dorsey.com

CERTIFICATE OF SERVICE

This certifies that on this 19th day of May, 2006, a true and correct copy of the foregoing document was served electronically on:

Teri Healy
Equal Employment Opportunity Commission
Seattle District Office
909 1st Avenue, Suite 400
Seattle, Washington 98104
Email: teri.healy@eeoc.gov

Kenneth W. Legacki
425 G Street, Suite 920
Anchorage, Alaska 99501
Email: legacki@gci.net

s/ Wendy E. Leukuma

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK  99501
(907) 276-4557

DEFENDANT'S MOTION FOR RULE OF LAW OF THE
CASE REGARDING PUNITIVE DAMAGE EVIDENCE                         *EEOC and Posciri v. UFTI*
Page 15 of 15                                                    Case No. 3:05-cv-0122-TMB
4847-8583-3472\2