

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Seattle District Office**

Federal Office Building
909 First Avenue, Suite 400
Seattle, WA 98104-1061
(206) 220-6883
TTY (206) 220-6882
FAX (206) 220-6911

November 28, 2005

William Evans
Wendy E. Leukuma
Dorsey & Whitney LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907

Dear Counsel,

      We write in response to United Freight's answer to EEOC's Request for Production No. 22 in which EEOC requested financial records of defendant from January 1, 2002 to date. United Freight objected stating the information requested is not available at this time and that financial records are not relevant and not likely to lead to admissible evidence. For the reasons explained below, EEOC is entitled to obtain this information prior to depositions scheduled for next week.

      Information pertaining to United Freight's financial worth is relevant to EEOC's punitive damages claim, and therefore subject to discovery regardless of whether it is admissible at trial. *EEOC v. Klockner H & K Machines, Inc.*, 168 F.R.D. 233, 235 (E.D. Wi 1996) (recognizing the general rule that "a defendant's financial status is relevant when a claim for punitive damages has been made" and ordering production of financial information prior to plaintiff's showing of a *prima facie* case, therefore supporting the principle that "discoverable information is governed by whether it is relevant, not whether it would be admissible at trial"). *See also, EEOC v. Staffing Network, LLC*, 2002 WL 31473840, *3-4 (N.D. Ill. Nov. 4, 2002) (rejecting employer's argument that financial information is irrelevant to punitive damages under Title VII); *U.S. v. Matusoff Rental*, 204 F.R.D. 396, 399 (S.D. Ohio 2001) ("[t]he overwhelming majority of federal courts ... have concluded that a plaintiff seeking punitive damages is entitled to discovery information relating to the defendant's financial condition in advance of trial and without making a *prima facie* case showing that he is entitled to recover such damages. . .").

      We therefore ask that United Freight withdraw its objections and provide the information requested no later than December 5, 2005. If United Freight refuses to provide responsive information, we will request the court's intervention. Please consider this letter EEOC's good faith attempt to secure the requested information without resorting to court action. Thank you for your prompt attention to this matter.

Sincerely,

*s/Molly Kucuk*
Molly Kucuk
Trial Attorney, EEOC Seattle District Office

EXHIBIT D
Page 1 of 1