

**WENDY EDWARDS LEUKUMA**
**(907) 257-7826**
**leukuma.wendy@dorsey.com**

November 29, 2005

Teri Healy
Molly Kucuk                                          **VIA EMAIL**
Equal Employment Opportunity Commission
909 1st Avenue, Suite 400
Seattle, Washington 98104

Re:    EEOC's Follow-up Request for Financial Documents
       *EEOC v. UFTI*, U.S.D.C. Case No. A05-0122 CV (JWS)

Dear Counsel:

      We write in response to the EEOC's letter dated November 28, 2005, requesting that
United Freight withdraw its objections and respond to the EEOC's Request for Production No.
22, which seeks all documents related to United Freight's financial worth. As explained below,
United Freight maintains that information regarding its financial worth is not discoverable at this
time. Accordingly, United Freight respectfully declines to withdraw its objections or produce the
requested information.

      Request for Production No. 22 broadly seeks all "financial records of defendant from
January 1, 2002 to date, including but not limited to all 10K reports, annual reports, other
financial disclosures to State and/or Federal regulatory agencies." Citing several decisions from
other jurisdictions, the EEOC contends that it is entitled to this information because it has
asserted a claim for punitive damages.

      While this may be true in some jurisdictions, these decisions are not controlling. Nor do
they represent a unanimous view.  A number of federal courts have held that information
related to a defendant's net worth is not discoverable until the plaintiff makes a prima facie
showing of the defendant's liability, while others have held that such information is not
discoverable until the trier of fact has determined defendant's liability for punitive damages. See
State of Wis. Inv. Bd. v. Plantation Square Assocs., 761 F. Supp. 1569 at 1577 (S.D. Fla. 1991).

      Even so, the decisions cited by the EEOC differ significantly from the present case. In
each of those decisions, the claims were strictly federal. Here, however, both federal and state
law claims have been asserted. Moreover, under Alaska law, information regarding United
Freight's financial status is not discoverable until <u>after</u> the fact finder determines that punitive
damages are recoverable. AS 09.17.020(e). Under these circumstances, the EEOC is not
entitled to pretrial discovery regarding United Freight's financial worth. Wilson v. Gillis
Advertising Co., 145 F.R.D. 578 (1993) (plaintiff asserting both state law and Title VII claims not
entitled to discovery regarding defendant's net worth until after all questions of liability on her
Alabama state law claim and Title VII claims were determined based on state law prohibiting
discovery of such evidence until after a verdict for punitive damages is rendered).

EXHIBIT __E__
Page __1__ of __2__

**DORSEY**

Teri Healy and Molly Kucuk
November 29, 2005
Page 2

As the EEOC is undoubtedly aware, information regarding United Freight's financial worth is highly confidential.  Release of such information would compromise United Freight's competitive edge as well as future negotiations with the Union.  These considerations provide independent grounds for delaying disclosure until after a decision on the merits has been reached.  See EEOC v. Staffing Network, LLC, 2002 WL 31473840, at *4 n.4 (November 4, 2002).  This is particularly true where, as here, the complaint provides no factual basis for its general assertion that United Freight engaged in unlawful employment practices and that such acts were done "with malice or reckless indifference to Ms. Posciri's … rights."  Chenoweth v. Schaff, 98 F.R.D. 587, 589 (W.D. Penn. 1983) (holding that "[m]erely claiming that the defendant's conduct was outrageous in terms that are conclusive in nature will not suffice").

Based on the foregoing, United Freight declines to withdraw its objections and produce the requested information.  If the EEOC continues to disagree, please let me know by December 5 so that United Freight may seek a protective order.

Sincerely,

/s/

Wendy Edwards Leukuma

c:    Frank Monfrey
      Kenneth W. Legacki, Esq.


EXHIBIT  Σ
Page  2  of 2