Kenneth W. Legacki, Esq.
Alaska Bar No. 8310132
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848
E-mail:  legacki@gci.net

Attorney for Plaintiff-Intervenor
Shotsay Posciri

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| and | ) ) |
| SHOTSAY POSCIRI, | ) ) |
| Plaintiff-Intervenor, | ) ) |
| vs. | ) ) |
| UNITED FREIGHT AND TRANSPORT, INC., | ) ) ) |
| Defendant. | ) ) Case No. 3:05-cv-0122-TMB |

**FIRST AMENDED COMPLAINT IN INTERVENTION**

COMES NOW Shotsay Posciri, by and through counsel, Kenneth W. Legacki, and states by way of complaint against the above-named defendant as follows:

## NATURE OF THE ACTION

Plaintiff-Intervenor Shotsay Posciri seeks relief under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights Act of 1991, and Title 18 of the Alaska Statutes for the disparate treatment she was subjected to by Defendant United Freight & Transport, Inc., when it failed to hire her for employment on the basis of her sex, female. Plaintiff-Intervenor Posciri is seeking monetary relief, including pecuniary and nonpecuniary compensatory and punitive damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, 1345 and 1367.  This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and, in addition, relief under the Alaska Human Rights Act, Section 18.80 of the Alaska Statutes ("Title 18").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

FIRST AMENDED COMPLAINT IN INTERVENTION
EEOC v. United Freight & Transport - Case No. 3:05-cv-0122-TMB
Page 2 of 8

District of Alaska.

## PARTIES

3. Plaintiff-Intervenor Shotsay Posciri is a resident of the state of Alaska over the age of eighteen (18) years and is in all respects qualified and competent to bring this action. Plaintiff-Intervenor has the right to intervene in this action under provisions of 42 U.S.C. § 2000e-5(f)(1).

4. Plaintiff Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

5. At all relevant times, Defendant United Freight & Transport, Inc., ("United Freight") has been a corporation continuously doing business in the state of Alaska and has continuously had at least fifteen (15) employees.

6. At all relevant times, Defendant United Freight has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-(b), (g) and (h).

## FIRST CAUSE OF ACTION
(Violation of Title VII, 42 U.S.C. § 2000e-2(a))

7. On or about September 23, 2003, Defendant United Freight

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

engaged in unlawful employment practices at its Anchorage, Alaska, facility in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a). The practices include the failure to hire Ms. Posciri for employment because of her sex, female.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Ms. Posciri of equal employment opportunities.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to Ms. Posciri's federally protected rights.

**SECOND CAUSE OF ACTION**
(Violation of AS 18.80.010 et seq.)

11. Plaintiff-Intervenor Posciri reasserts the allegations contained in paragraphs 1 through 10 set out above as though fully set forth herein.

12. Jurisdiction of this Court is invoked for this claim under the provisions of 28 U.S.C. § 1367.

13. On or about September 23, 2003, Defendant United Freight engaged in unlawful employment practices at its Anchorage, Alaska, facility in violation of the Alaska Human Rights Act, AS 18.80.010 et seq.. Alaska Statute 18.80.220(a)(1) makes it unlawful for an employer

> [T]o refuse employment to a person, or to bar a person from

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

employment, or to discriminate against a person in compensation or in a term, condition, or privilege of employment because of the person's . . . sex . . . when the reasonable demands of the position do not require distinction on the basis of . . . sex. . . .

14. Defendant United Freight violated AS 18.80.220(a)(1) when it failed to hire Ms. Posciri for employment because of her sex, female.

15. The effect of the practices complained of in paragraph 14 above has been to deprive Ms. Posciri of equal employment opportunities.

16. The unlawful employment practices complained of in paragraph 14 above were intentional.

17. The unlawful employment practices complained of in paragraph 14 above were done with malice or with reckless indifference to Ms. Posciri's rights as set out in the Alaska Human Rights Act, AS 18.80.010 et seq..

### THIRD CAUSE OF ACTION
(Retaliation)

18. Plaintiff-Intervenor Posciri reasserts the allegations contained in paragraphs 1 through 17 set out above as though fully set forth herein.

19. After Ms. Posciri filed a grievance with the union against Defendant United Freight and Transport, Inc. for discriminating against her, the defendant company refused to hire her specifically because she filed the discrimination grievance against the company. The failure to hire Ms. Posciri because she filed a grievance is retaliatory conduct prohibited by both the federal

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK 99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

FIRST AMENDED COMPLAINT IN INTERVENTION
EEOC v. United Freight & Transport - Case No. 3:05-cv-0122-TMB
Page 5 of 8

and state anti-discrimination laws. This retaliatory conduct permits Ms. Posciri to collect both compensatory and punitive damages for such unlawful conduct.

WHEREFORE, Plaintiff-Intervenor Shotsay Posciri prays that this Court:

1. Enter judgment for Plaintiff-Intervenor and against Defendant United Freight on the basis of Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, the Civil Rights Act of 1991, and the Alaska Human Rights Act, AS 18.80.010 et seq..

2. Order Defendant to make whole Ms. Posciri by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

3. Order Defendant to make whole Ms. Posciri by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including past and future out-of-pocket expenses, in amounts to be determined at trial.

4. Order Defendant to make whole Ms. Posciri by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including without limitation emotional pain, suffering, and loss of enjoyment of life, in amounts to be determined at trial.

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

FIRST AMENDED COMPLAINT IN INTERVENTION
EEOC v. United Freight & Transport - Case No. 3:05-cv-0122-TMB
Page 6 of 8

5.   Order Defendant to pay Ms. Posciri punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

6.   Order Defendant to pay Ms. Posciri compensatory and punitive damages for its retaliatory conduct described above, in amounts to be determined at trial.

7.   Award Plaintiff-Intervenor her costs and attorney fees incurred in pursuit of this action.

8.   Grant such other and further relief as the Court deems necessary and proper.

DATED this 23rd day of December, 2005.

> KENNETH W. LEGACKI, P.C.
> Attorney for Plaintiff-Intervenor
> Shotsay Posciri
>
> By   s/Kenneth W. Legacki
>      Kenneth W. Legacki
>      Alaska Bar No. 8310132
>      425 G Street, Suite 920
>      Anchorage, AK  99501
>      Phone: (907) 258-2422
>      Facsimile: (907) 278-4848
>      E-mail: legacki@gci.net

I HEREBY CERTIFY that on the 24th day of
May, 2006, a copy of the foregoing
document was served electronically on:

Kathryn Olson
Teri Healy
Equal Employment Opportunity Commission

William J. Evans
Wendy Edwards Leukuma
Dorsey & Whitney

       s/Kenneth W. Legacki

Kenneth W. Legacki, P.C.
425 G Street, Suite 920
Anchorage, AK  99501
Telephone: (907) 258-2422
Facsimile: (907) 278-4848

FIRST AMENDED COMPLAINT IN INTERVENTION
EEOC v. United Freight & Transport - Case No. 3:05-cv-0122-TMB
Page 8 of 8